IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE F. RAMOS                         *

   *Plaintiff*,                     *

v.                                    *     Civil Action No. RBD-18-1223

RALS SUBWAY NOVA LLC, *et al.*,       *

   *Defendants*.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Jose Ramos ("Plaintiff" or "Ramos") brings this action against Defendants Rals Subway Nova LLC ("Rals Nova"), Rals Subway Partners LP ("Rals Partners"), and Pankaj J. Seth ("Seth") (collectively, "Defendants") alleging that Defendants unlawfully kept wages withheld from his paycheck under false representations that these withholdings would be used to pay his health insurance premiums. (Compl., ECF No. 1.) Ramos asserts violations of the Maryland Wage Payment and Collection Law, Labor and Employment § 3-503 ("MWPCL") (Count I); fraudulent filing of information returns in violation of 26 U.S.C. § 7434 (Count II); negligent withholding (Count III); and unlawful conversion (Count IV). Currently pending before this Court is Defendants Rals and Seth's Motion to Dismiss the Complaint as to Rals Partners, LP and Pankaj J. Seth, and to Defer or Deny Certification of a Class Action and Request for Hearing (ECF No. 7) and Plaintiff's Motion for Leave to file a Surreply. (ECF No. 15.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). The gravamen of the Motion to Dismiss is the contention that Rals Partners and Seth are not employers of Ramos. For the reasons set

forth below, Defendants' Motion (ECF No. 7) is DENIED. As Plaintiff has not yet moved to certify a class, Defendant's request to defer or deny class certification is DENIED. Finally, as this Court finds that Plaintiff has adequately pled all of his claims, Plaintiff's Motion for Leave to file a Surreply (ECF No. 15) is DENIED AS MOOT.

## BACKGROUND

At the motion to dismiss stage, the court must "accept as true all of the well-pleaded allegations and view the complaint in the light most favorable to the non-moving party." *LeSueur–Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012). This case concerns Defendant-employers' alleged misuse of wages which were withheld from Plaintiff-employee's paycheck under representations that they would be used to pay his healthcare premiums. The alleged employers, Defendants Rals Partners and Rals Nova, own and operate several Subway restaurant franchises in Maryland, Virginia, and the District of Columbia. (Compl. ¶ 3-8, ECF No. 1). Rals Partners owns Rals Nova. (*Id.* at ¶ 5) Plaintiff-employee Jose Ramos is an Area Manager of Defendants' Maryland Subway franchises. (*Id.* at ¶¶ 12-13.) In this position, he operates and oversees several Subway restaurants in Maryland. (*Id.* at ¶ 14). In about 2013, Seth purchased Rals Nova and Rals Partners and became the sole owner of the two entities. (*Id.* at ¶¶ 11, 16). Subsequently, Seth has become Ramos' ultimate supervisor: he sets Ramos' rate of pay, determines his benefits, and oversees his work schedule. (*Id.* at ¶¶ 17-20).

In 2013, Defendants offered health insurance benefits to Ramos and his family. (*Id.* at ¶ 23.) In 2015, 2016, and 2017 Defendants withheld wages from Ramos's gross, pre-tax wages, on a bi-weekly basis, purportedly to pay for Ramos's health insurance premiums. (*Id.*

at ¶¶ 27, 29-30.) Rather than disburse these wages for their authorized purposes, Defendants made few, if any, premium contributions to Ramos's health insurance companies from January 1, 2015 to December 31, 2017. (*Id.* at ¶ 32.) Instead, it is alleged that Defendants kept these wage withholdings for themselves. (*Id.* at ¶ 36.) Defendants also did not supply Plaintiff with IRS Form 1095-C. (*Id.* at ¶ 33.) To conceal their mishandling of Plaintiff's wages, Defendants issued Ramos a W-2 in 2015, 2016, and 2017 which overreported his total earned wages for those years. (*Id.* at ¶ 46.) Because Defendants failed to pay Plaintiff's healthcare premiums, Ramos and his family's health insurance coverage frequently lapsed between 2015 and 2017. (*Id.* at ¶ 49.) As a result, Ramos and his family incurred substantial medical bills that would have otherwise been covered by their health insurance. (*Id.* at ¶ 50.)

On April 26, 2018 Plaintiff filed a four count complaint seeking class certification and alleging violations under the MWPCL and 26 U.S.C. § 7434, as well as negligent withholding and unlawful conversion. Defendant has responded by filing the pending Motion to Dismiss as to Rals Partners, LP and Pankaj J. Seth, and to Defer or Deny Certification of a Class Action and Request for Hearing. (ECF No. 7).

## **STANDARD OF REVIEW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464

F.3d 480, 483 (4th Cir. 2006). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." Fed. R. Civ. P. 9(b). The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1074 (D. Md. 1991). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). As the United

4

States Court of Appeals for the Fourth Circuit stated in *United States ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*, 707 F.3d 451 (4th Cir. 2013), the aims of Rule 9(b) are to provide notice to defendants of their alleged misconduct, prevent frivolous suits, eliminate fraud actions where all the facts are learned after discovery, and protect defendants from harm to their goodwill and reputation. 707 F.3d at 456 (citation omitted).

## DISCUSSION

In seeking to dismiss this case as to Defendants Rals Partners, LP and Pankaj J. Seth, Defendants argue that (1) the complaint contains a series of inaccurate factual allegations, which should warrant a dismissal of all claims against Rals Partners and Seth; (2) Rals Partners and Seth are not the "employers" of Ramos as the term is defined under the Maryland Wage Payment and Collection Law ("MWPCL"); (3) Plaintiff has failed to allege willful violations of 26 U.S.C. § 7434 with sufficient particularity under Federal Rule of Civil Procedure 9(b); and (4) Plaintiff has abandoned his claims of negligent withholding (Count III) and unlawful conversion (Count IV) by failing to reassert them in his Response in Opposition or, alternatively, Plaintiff has failed to allege sufficient facts to state a claim for relief under these theories. This Court will address these arguments seriatim.

I. **Defendants' Factual Assertions**

Defendants dedicate a significant portion of their papers to disputing the facts of the Complaint. Specifically, they argue that Rals Partners only operates in Virginia (Def.'s Mem. Mot. Dismiss 1, ECF No. 7-1); only Rals Subway Nova, LLC has an employment relationship with Ramos (*Id.* at 4); Rals Nova continuously provided Ramos with healthcare coverage (*Id.* at 4); Rals Partners does not have an ownership interest in Rals Nova (*Id.* at 5);

5

and Seth is a limited partner of Rals Partners, not the sole owner of Rals Nova or Rals Partners (*Id.* at 5). Moreover, Defendants contend that the exhibits attached to the Complaint—pay stubs displaying "Rals Subway Nova LLC" and emails to Ruta Parikh of Rals Nova—support their contentions. (*Id.* at 4.) Defendants muster these factual assertions to support their argument that Rals Partners and Seth should be dismissed as to all of Plaintiff's claims. (Def.'s Mem. Mot. 4, 5-6; Def.'s Mem. Reply 3-4, ECF No. 12.)

The legal arguments of the Defendants with respect to the pending Motion to Dismiss are predicated solely on factual disputes as to the allegations contained in the Complaint. Specifically, these factual contentions of the Defendants are: (1) Mr. Ramos is not employed by Rals Partners because it operates only in Virginia (Def.'s Mem. Mot. 4); (2) Seth is a limited partner of Rals Partners and Rals Nova, so he is shielded from liability under Md. Code Ann., Corps. & Ass'ns, §4A-301 (*Id.* at 5.); and (3) Rals Partners is not subject to the MWPCL because it only operates in Virginia. (*Id.* at 6.) All of these assertions are premature at this stage because the Court must accept the allegations of the Complaint as true for purposes of reviewing a motion to dismiss. *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440 (4th Cir. 2011) (citations omitted); *Hall*, 846 F.3d at 765 (4th Cir. 2017). Based on the allegations in the complaint, Rals Partners operates in Maryland, Virginia, and the District of Columbia (Compl. ¶ 8); all Defendants have an employment relationship with Ramos (*Id.* at ¶ 12); Ramos's healthcare coverage lapsed as a result of Defendant's failure to pay premiums (*Id.* at ¶ 49); Rals Partners has an ownership interest in Rals Nova (*Id.* at ¶ 5); and Seth is the sole owner of Rals Partners and Rals Nova (*Id.* at ¶ 11). Accordingly, this Court will assume all of these facts to be true for purposes of reviewing Defendants' Motion to Dismiss.

Defendants' references to the exhibits attached to the Complaint do not change this analysis. When certain exhibits contradict the allegations of the complaint, those exhibits prevail. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013). Nothing in these exhibits, however, contradict the assertions of the Complaint. Pay stubs may display "Rals Subway Nova, LLC," but this does not indicate that *only* this entity employed Plaintiff. That inference is especially unwarranted in a Complaint alleging that Defendant deliberately supplied inaccurate payment information. Moreover, Ramos's communications with Ruta Parikh of Rals Nova do not suggest that Ramos "must know that Rals Nova is his only employer," as Defendants allege. (Def.'s Mot. 4.) These emails do not contain any communications that would invite this inference. Ramos's discussions with a representative of one of his employers does not indicate that he believed Rals Nova was his *sole* employer, because Defendant Seth, another alleged employer, is also copied on Plaintiff's emails. Finally, while the emails attached to the complaint provide purportedly accurate, countinuous health insurance policy information for Plaintiff, they also reveal that Ramos was experiencing difficulty with his healthcare coverage. The emails do not show that Plaintiff was fully covered or that Defendant managed Plaintiff's wages correctly by paying his premiums.

## II. Plaintiff has Sufficiently Alleged Violations of the MWPCL against Seth and Rals Partners (Count I)

Defendants argue that Plaintiff's MWPCL claim (Count I) should be dismissed as to Seth and Rals Partners because they do not meet the definition of "employer" as defined by the MWPCL. (Def.'s Mem. Mot. 6.) The MWPCL provides a remedy to "jilted employees"

who seek to collect lost wages. *Cunningham v. Feinberg*, 441 Md. 310, 107 A.3d 1194, 1203 (Md. 2015). Under the statute, an "employer" is "any person who employs an individual in the State." Md. Code Ann., Lab & Empl. § 3-501(b). To "employ" means to "allow[] an individual to work" and to "instruct[] an individual to be present at a work site." § 3-101(c)(2). The "economic reality test" governs the scope of this definition. *Campusano v. Lusitano Construction, LLC*, 208 Md. App. 29, 56 A.3d 303, 307-11 (Md. 2012). Under this test, the Court considers "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment, and (4) maintained employment records." *Campusano*, 56 A.3d at 309. These factors are not to be applied "mechanistically." *Id.* at 310. Moreover, "[n]o single factor is dispositive; rather, the totality of the circumstances must be considered." *Macsherry v. Sparrows Point, LLC*, ELH-15-00022, 2015 WL 6460261, at *8 (D. Md. Oct. 23, 2015) (*quoting Iraheta v. Lam Yuen, LLC*, DKC-12-1426, 2012 WL 5995689 (D. Md. Nov. 29, 2012).

Here, Plaintiff alleges several facts which establish that both Seth and Rals Partners are his employers under the MWPCA. The Complaint states that Seth is the sole owner of all corporate Defendants and oversees all of their day-to-day operations (Compl. ¶ 11); Seth sets Ramos's rate of pay, offers him benefits, oversees his work schedule, and acts as his ultimate supervisor (Compl. ¶ 17-20); and Defendants collectively offered Ramos health insurance benefits (Compl. ¶ 23). Although the Complaint focuses particularly on Seth's interactions with Ramos rather than the actions of all Defendants, this does not provide a reason to dismiss Count I as to Rals Partners. The Complaint alleges that Seth is the sole

owner of Rals Partners—his employment decisions are therefore indistinguishable from the employment decisions of the corporate entity he alone owns and controls.[1]

## III. Plaintiff has Sufficiently Alleged that Rals Partners and Seth violated 26 U.S.C. § 7434 (Count II)

In their Reply,[2] Defendants argue that Plaintiffs' allegations concerning violations of 26 U.S.C. § 7434 do not satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) (Def.'s Reply 6). Pursuant to Rule 9 of the Federal Rules of Civil Procedure, a higher standard applies to pleading a fraud claim. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007).

To determine whether a cause of action must be pled in accordance with Rule 9(b), "a court should examine whether the claim requires an essential showing of fraud." *Baltimore City v. Cigna Healthcare*, 238 F. App'x 914, 921 (4th Cir. 2007). Pursuant to 26 U.S.C. § 7434, "if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for

---

[1] Even if this Court were to accept Defendant's assertion that Seth is a limited partner of Rals Partners, this fact would not shield him from liability under the MWPCL. *See Macsherry v. Sparrows Point, LLC*, 2015 WL 6460261, at *6 (finding that traditional corporate law concepts could not insulate Defendant from personal liability under the MWPCL). Furthermore, even if Defendant Seth Partners was located solely in Virginia, they may still be subject to liability under the MWPCL because even a Maryland employee who "works for an out-of-state company, located in that state, under an employment contract governed by the laws of that state" is protected by the MWPCL. *Hausfeld v. Love Funding Corp.*, 131 F. Supp. 3d 443, 455 (D. Md. 2015) (citing *Cunningham*, 107 A.3d at 1198, 1210-11, 1218).

[2] Although this Court would not ordinarily consider an argument presented for the first time in a Reply, this Court will address the issue because Plaintiff must satisfy the pleading standards of Rule 9(b) to allege fraud.

damages against the person so filing such a return." As Section 7343 requires Plaintiff to show that Defendants filed a "fraudulent" information return, the pleading standard of Rule 9(b) applies. *See Bolling v. PP&G, Inc.*, WDQ-15-911, 2015 WL 9255330, at *6 (D. Md. Dec. 17, 2015) (collecting cases from federal courts across the nation applying the Rule 9(b) pleading standard to Section 7343 claims).

In *Bolling v. PP&G, Inc.*, WDQ-15-911, 2015 WL 9255330 (D. Md. Dec. 17, 2015), Plaintiff alleged that a woman named Norma Jeans filed false Form W-2s every year of Plaintiff's employment by underreporting Plaintiff's income. *Bolling*, 2015 WL 9255330, at *7. According to the plaintiff, Jeans "knew exactly how much money it should have reported on [the] Plaintiffs' earnings" but filed the fraudulent returns to obtain a competitive advantage. *Id.* The Court determined that these allegations were sufficient to satisfy the requirements of Rule 9(b). *Id.*

Here, Plaintiff has pled his case with a similar degree of specificity. The Complaint alleges that Seth was the sole owner of Rals Partners and Rals Nova and that he had control of their day-to-day operations. (Compl. ¶ 11, 21.) This suffices to establish that Seth and these entities conducted business and managed Ramos together. Ramos alleges that the Defendants deducted specific sums of money from his paychecks for the stated purpose of paying healthcare premiums. (Compl. ¶ 27-30.) Instead of using these sums for their stated purpose, Defendants retained these wages. (Compl. ¶ 36.) To conceal this unauthorized use of Ramos's payroll deductions, Defendants issued Ramos fraudulent W-2s in 2015, 2016, and 2017 which overreported his total earned wages in each year. (Compl. ¶¶ 45-46.) These

facts sufficiently "state the facts and circumstances" surrounding Defendants' alleged fraudulent conduct.

IV. **Plaintiffs Have Sufficiently Alleged Negligent Withholding and Unlawful Conversion (Counts III and IV) as to Seth and Rals Partners.**

Defendants next maintain that Plaintiff has abandoned his negligent withholding and unlawful conversion claims as to Rals Partners and Seth because he has failed to reassert these claims in his Response in Opposition to Defendant's Motion. (Def.'s Mem. Reply 5.) The only cases Defendant provides in support of this proposition concern motions for summary judgment, which shift the burden of production to the non-moving party once the moving party establishes that no evidence supports its opponent's claim. *See Guerra v. Teixeira*, 2018 WL 3756718, at *8 (D. Md. Aug. 8, 2018) (finding Plantiff abandoned a claim by failing to address it in opposition to Defendant's motion for summary judgment) (*citing Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (finding that plaintiff had abandoned a claim "by failing to address that claim in her opposition to [the defendant's] motion for summary judgment"); *Nyonka v. MVM, Inc.*, PWG-15-645, 2016 WL 4240290, at *7 (D. Md. Aug. 11, 2016) (finding that Plaintiff abandoned his claim of discrimination after failing to challenge, in his opposition to Defendant's Motion for Summary Judgment, Defendant's assertion that he lacked evidence for that claim).

Plaintiff, however, has not waived any claims merely because he has not reasserted them in opposition to his opponent's motion. Plaintiff does not even waive his claims by failing to oppose a Motion to Dismiss entirely. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (explaining that the district court must review the merits of

11

a motion to dismiss even if they are unopposed) (*citing Pomerleau v. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("When deciding a 12(b)(6) motion, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim. This obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default." (citation and internal quotation marks omitted)). Accordingly, dismissal is not appropriate on the grounds that Plaintiff has failed to reassert certain claims in his Response.

Finally, this Court finds that Plaintiff has adequately pled negligent withholding and unlawful conversion against Seth and Rals Partners. As discussed in detail *supra*, the Complaint alleges that Seth is the sole owner and operator of the Defendant business entities; together, Defendants deducted certain sums from Plaintiff's wages; Defendants retained those sums for themselves; and then Defendants issued Plaintiff false tax information returns to conceal their actions.

V.  **Leave to Amend**

In a footnote to its Reply Memorandum, Defendants Seth and Rals Partners have sought leave to amend the Answer of the third defendant, Rals Nova, "to clarify its denial of the allegation at Paragraph 5 of the complaint concerning Plaintiff's misimpression that any defendant is suggesting that Rals Partners, LP has an interest in Rals Subway Nova, LLC." (Def.'s Reply 2, n.1.) Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222

(1962). Accordingly, leave should be denied only when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility. *Steinburg v. Chesterfield Cnty. Planning Comm.'n*, 527 F.3d 377, 390 (4th Cir.2008). Here, granting Defendants' Motion for Leave to File an Amended Answer to clarify one response would neither result in prejudicing the Plaintiff, reward bad faith on the part of the Defendants, nor amount to futility. Accordingly, Defendants request is granted.

Similarly, Plaintiff has attached a proposed Amended Complaint to his Response in Opposition and claims that he will promptly file it "if the Court directs Plaintiff [to] do so." (Pl.'s Opp. 2.) Because this Court finds that the Plaintiff has adequately pled his claims, it finds the proposed Amendment unnecessary at this time.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss the Complaint as to Rals Partners, LP and Pankaj J. Seth, and to Defer or Deny Certification of a Class Action and Request for Hearing (ECF No. 7) is DENIED. Plaintiff's Motion for Leave to file Surreply (ECF No. 15) is DENIED AS MOOT.

A separate Order follows.


DATE: October 10, 2018      ____/s/_____
                              Richard D. Bennett
                              United States District Judge